CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ELIX CASTILLO, *individually and on behalf of others similarly situated,*

                *Plaintiff*,

      -against-

HARBORWOOD CONSTRUCTION CORP.
(D/B/A HARBORWOOD CONSTRUCTION
CORP.), MARK RUESCHER, and JIM
RUESCHER,

              *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

    Plaintiff Elix Castillo ("Plaintiff Castillo" or "Mr. Castillo"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against Harborwood Construction Corp. (d/b/a Harborwood Construction Corp.), ("Defendant Corporation"), Mark Ruescher and Jim Ruescher, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

    1.    Plaintiff Castillo is a former employee of Defendants Harborwood Construction Corp. (d/b/a Harborwood Construction Corp.), Mark Ruescher, and Jim Ruescher.

    2.    Defendants own, operate, or control a construction company, located at 1494 Dewey Avenue, North Bellmore, NY 11710 under the name "Harborwood Construction Corp.".

3. Upon information and belief, individual Defendants Mark Ruescher and Jim Ruescher, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the construction corporation as a joint or unified enterprise.

4. Plaintiff Castillo was employed as a construction worker at the construction corporation located at 1494 Dewey Avenue, North Bellmore, NY 11710.

5. At all times relevant to this Complaint, Plaintiff Castillo worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Castillo appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Castillo to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Castillo and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Castillo now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Castillo seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Castillo's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a construction company located in this district. Further, Plaintiff Castillo was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Elix Castillo ("Plaintiff Castillo" or "Mr. Castillo") is an adult individual residing in Wyandanch County, New York.

14. Plaintiff Castillo was employed by Defendants at Harborwood Construction Corporation from approximately April 16, 2021, until on or about November 17, 2023.

15. Plaintiff Castillo consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, or control a construction company, located at 1494 Dewey Avenue, North Bellmore, NY 11710 under the name "Harborwood Construction Corp.".

17. Upon information and belief, Harborwood Construction Corp. (d/b/a Harborwood Construction Corp.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1494 Dewey Avenue, North Bellmore, NY 11710.

18. Defendant Mark Ruescher is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mark Ruescher is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Mark Ruescher possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Castillo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Defendant Jim Ruescher is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jim Ruescher is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Jim Ruescher possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Castillo, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

20. Defendants operate a construction company located in a neighborhood in Long Island.

21. Individual Defendants, Mark Ruescher and Jim Ruescher, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff Castillo's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Castillo, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff Castillo (and all similarly situated employees) and are Plaintiff Castillo's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff Castillo and/or similarly situated individuals.

26. Upon information and belief, Individual Defendants Mark Ruescher and Jim Ruescher operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff Castillo's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Castillo, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Castillo's services.

28. In each year from 2021 to 2023, Defendant Corporation had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction corporation on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30. Plaintiff Castillo is a former employee of Defendants who was employed as a construction worker. Plaintiff Castillo seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Elix Castillo*

31. Plaintiff Castillo was employed by Defendants from approximately April 16, 2021, until on or about November 17, 2023.

32. Defendants employed Plaintiff Castillo as a construction worker.

33. Plaintiff Castillo regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

34. Plaintiff Castillo's work duties required neither discretion nor independent judgment.

35. Throughout his employment with Defendants, Plaintiff Castillo regularly worked in excess of 40 hours per week.

36. From approximately April 16, 2021, until on or about September 30, 2021, Plaintiff Castillo worked 7 days a week for approximately 75 hours per week (typically 11 hours per day Monday through Saturday and 9 hours on Sunday).

37. From approximately October 1, 2021, until on or about March 31, 2022, Plaintiff Castillo worked 6 days a week for approximately 60 hours per week (typically 10 hours per day Monday through Saturday).

38. From approximately April 1, 2022, until on or about September 30, 2022, Plaintiff Castillo worked 7 days a week for approximately 75 hours per week (typically 11 hours per day Monday through Saturday and 9 hours on Sunday). For one week during this period, he worked 6 days for approximately 66 hours (approximately 11 hours per day Monday through Saturday).

39. From approximately October 1, 2022, until on or about March 31, 2023, Plaintiff Castillo worked 6 days a week for approximately 60 hours per week (typically 10 hours per day Monday through Saturday).

40. From approximately April 1, 2023, until on or about September 30, 2023, Plaintiff Castillo worked 7 days a week for approximately 75 hours per week (typically 11 hours per day Monday through Saturday and 9 hours on Sundays. For one week during this period, he worked 6 days for approximately 66 hours per week (approximately 11 hours per day Monday through Saturday).

41. From approximately October 1, 2023, until on or about November 17, 2023, Plaintiff Castillo worked 60 hours per week (typically 10 hours per day, Monday through Saturday).

42. Throughout his employment, Defendants paid Plaintiff Castillo his wages in cash.

43. From approximately April 2021 until on or about mid-June 2021, Defendants paid Plaintiff Castillo $150 per day.

44. From approximately mid-June 2021 until on or about November 12, 2023, Defendants paid Plaintiff Castillo $18.00 per hour for all hours worked Monday through Saturdays and $160 per day day when he worked Sundays.

45. From approximately November 13, 2023, to November 17, 2023, Defendants did not pay Plaintiff Castillo any wages for his work.

46. Defendants never granted Plaintiff Castillo any breaks or meal periods of any kind.

47. From approximately April 2021 until on or about mid-June 2021, Plaintiff Castillo was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

48. On a number of occasions, Defendants required Plaintiff Castillo to sign a notebook, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

49. Defendants took improper and illegal deductions of Plaintiff Castillo's wages; specifically, Defendants deducted an hour from Plaintiff Castillo's daily wage if he was a few minutes late.

50. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Castillo regarding overtime and wages under the FLSA and NYLL.

51. Defendants did not provide Plaintiff Castillo an accurate statement of wages, as required by NYLL 195(3).

52. Defendants did not give any notice to Plaintiff Castillo, in English and in Spanish (Plaintiff Castillo's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53. As a result of Defendants' failure to provide Plaintiff Castillo with a Notice of Pay Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

54. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Castillo (and all similarly situated employees) to work in excess of 40 hours a

week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

55. Plaintiff Castillo was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

56. Defendants' pay practices resulted in Plaintiff Castillo not receiving payment for all his hours worked, and resulted in Plaintiff Castillo's effective rate of pay falling below the required minimum wage rate.

57. Defendants' time keeping system did not reflect the actual hours that Plaintiff Castillo worked.

58. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

59. On a number of occasions, Defendants required Plaintiff Castillo to sign a notebook the contents of which he was not allowed to review in detail. Defendants paid Plaintiff Castillo his wages in cash.

60. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

61. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Castillo (and similarly situated individuals) worked, and to avoid paying Plaintiff Castillo properly for his full hours worked.

62. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

63. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Castillo and other similarly situated former workers.

64. Defendants failed to provide Plaintiff Castillo and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

65. Defendants failed to provide Plaintiff Castillo and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

66. As a result of Defendants' failure to provide Plaintiff and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing

that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

67. Plaintiff Castillo brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

68. At all relevant times, Plaintiff Castillo and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

69. The claims of Plaintiff Castillo stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

70. Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

71. At all times relevant to this action, Defendants were Plaintiff Castillo's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Castillo (and the FLSA Class Members), controlled the terms and conditions

of their employment, and determined the rate and method of any compensation in exchange for their employment.

72. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

74. Defendants failed to pay Plaintiff Castillo (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

75. Defendants' failure to pay Plaintiff Castillo (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

76. Plaintiff Castillo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

77. Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

78. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Castillo (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

79. Defendants' failure to pay Plaintiff Castillo (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80. Plaintiff Castillo (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

81. Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

82. At all times relevant to this action, Defendants were Plaintiff Castillo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Castillo, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

83. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Castillo less than the minimum wage.

84. Defendants' failure to pay Plaintiff Castillo the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85. Plaintiff Castillo was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

86. Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Castillo overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

88. Defendants' failure to pay Plaintiff Castillo overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

89. Plaintiff Castillo was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

90. Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

91. Defendants failed to provide Plaintiff Castillo with a written notice, in English and in Spanish (Plaintiff Castillo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

92. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

93. Defendants are liable to Plaintiff Castillo in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

**OF THE NEW YORK LABOR LAW**

94. Plaintiff Castillo repeats and realleges all paragraphs above as though fully set forth herein.

95. With each payment of wages, Defendants failed to provide Plaintiff Castillo with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

96. As a result of Defendants' failure to furnish accurate statements to Plaintiff, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

97. Defendants are liable to Plaintiff Castillo in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

98. Plaintiff Castillo repeats and realleges all paragraphs above as though set forth fully herein.

99. At all relevant times, Defendants were Plaintiff Castillo's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

100. Defendants made unlawful deductions from Plaintiff Castillo's wages; specifically,

Defendants deducted an hour from Plaintiff Castillo's daily wage for being a few minutes late.

101. The deductions made from Plaintiff Castillo's wages were not authorized or required by law.

102. Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Castillo's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

103. Plaintiff Castillo was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Castillo respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Castillo and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Castillo and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Castillo's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Castillo and the FLSA Class members;

(f) Awarding Plaintiff Castillo and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Castillo and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Castillo;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Castillo;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Castillo's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Castillo;

(l) Awarding Plaintiff Castillo damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m) Awarding Plaintiff Castillo damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Castillo liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Castillo and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Castillo and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Castillo demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 19, 2024

CSM LEGAL, P.C

By:     /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*